IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE HANES, | ) |
| Plaintiff, | ) Civil Action No. 05-135E |
| v. | ) |
| ELK REGIONAL MEDICAL CENTER | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Defendant, Elk Regional Health Center ("Elk Regional")[1], by its attorneys, Cohen & Grigsby, P.C., files the within Answer and Defenses to Plaintiff's Complaint:

### First Defense

Plaintiff fails to state any claims upon which relief can be granted.

### Second Defense
(Answer)

Elk Regional denies that it committed any discrimination made unlawful by Title VII of the Civil Rights Act of 1964 and/or the Age Discrimination in Employment Act ("ADEA"), and responds to the paragraphs of Plaintiff's Complaint as follows:

---

[1] Elk Regional is misidentified in the caption and in the body of the Complaint as "Elk Regional Medical Center." There is no entity known as "Elk Regional Medical Center." To the contrary, Plaintiff had been employed by Elk Regional Health Center. See paragraph 8 of Elk Regional's Second Defense (Answer) set forth infra.

## Jurisdiction & Venue

1.      The averments contained in paragraph 1 of the Complaint are admitted in part and denied in part. Elk Regional admits that Plaintiff's Complaint seeks declaratory relief, injunctive relief, equitable relief, compensatory damages, costs and attorneys' fees. Elk Regional denies that Plaintiff is entitled to any such relief and/or damages.

2.      The averments contained in paragraph 2 of the Complaint are denied.

3.      The averments contained in paragraph 3 of the Complaint are admitted in part and denied in part. Elk Regional admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §1343(a) (4) and 42 U.S.C. §2000e-5(f). Plaintiff's allegations concerning jurisdiction are legal conclusions which require no response. Elk Regional admits that the Equal Employment Opportunity Commission issued a right to sue letter dated February 2, 2005; this letter is in writing and is attached to Plaintiff's Complaint as Exhibit A, it speaks for itself and is the best and only evidence of its contents, and, therefore, all averments and characterizations of fact concerning it are denied. After a reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff received Exhibit A to the Complaint on February 7, 2005 or at any other time, and, therefore, such averment is denied.

4.      The averments contained in paragraph 4 of the Complaint are admitted in part and denied in part. Elk Regional admits that Plaintiff's Complaint seeks declaratory relief, injunctive relief, and equitable relief pursuant to 28 U.S.C. §§2201-2202 and 42 U.S.C. §2000e-5(g). Elk Regional denies that Plaintiff is entitled to any such relief.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions which require no response.

6. The averments contained in paragraph 6 of the Complaint are denied in part and denied as stated in part. The allegation that venue is proper in the United States District Court for the Western District of Pennsylvania is a legal conclusion that requires no response. Elk Regional denies that it committed an unlawful employment practice in the Western District of Pennsylvania nor elsewhere.

Parties

7. Upon information and belief, the averments contained in paragraph 7 of the Complaint are admitted.

8. The averments contained in paragraph 8 of the Complaint are admitted in part, denied in part, and denied as stated in part. Elk Regional denies that it is known as Elk Regional Medical Center. Elk Regional admits that it has an office located at 769 Johnsonburg Road, Saint Marys, Elk County, Pennsylvania 15857. By way of further answer, Elk Regional is a Pennsylvania not-for-profit corporation that provides health care services; it is known as Elk Regional Health Center.

9. The averments contained in paragraph 9 of the Complaint are admitted in part and denied as stated in part. Elk Regional admits that it employs more than fifteen (15) employees. After a reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the term "regular," and, therefore, the averment that Elk Regional has more than fifteen (15) "regular" employees is denied. The allegation that Elk Regional engages in activities affecting commerce is a conclusion of law to which no response is required; to the extent such allegation is deemed to be an averment of fact, it is denied because after a reasonable investigation, Elk Regional is without knowledge or

information sufficient to form a belief as to the meaning Plaintiff attaches to the phrase "affecting commerce."

## Factual Background

10.    The averments contained in paragraph 10 of the Complaint are admitted in part, denied in part, and denied as stated in part. It is admitted that Plaintiff worked as a Nuclear Medicine Technologist in the Radiology Department at the time her employment was terminated on August 19, 2003. It is denied that Plaintiff was employed by Elk Regional beginning in June 1976; by way of further answer, Plaintiff was hired by Elk Regional on June 13, 1977 as a Radiology Technologist in the Radiology Department.

11.    The averments contained in paragraph 11 of the Complaint are admitted in part and denied as stated in part. Upon information and belief, it is admitted that Plaintiff began working for Elk Regional at a starting salary of eight dollars ($8.00) per hour. The averment that Plaintiff's ending salary was twenty-two dollars ($22.00) per hour is denied. It is denied that Plaintiff worked for Elk Regional for 27 years; by way of further answer, Plaintiff was employed by Elk Regional for a total of twenty-six (26) years from June 13, 1977 until August 19, 2003; her ending salary was twenty-one dollars and seven cents ($21.07) per hour.

12.    The averments contained in paragraph 12 of the Complaint are admitted.

13.    The averments contained in paragraph 13 of the Complaint are denied in part and denied as stated in part. After a reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the phrase "excellent performance record," and therefore, the averment that Plaintiff established an excellent performance record with Elk Regional is denied. By way of further answer, Plaintiff was employed by Elk Regional for a total of twenty-six (26) years. After a reasonable

investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the phrase "exemplary employee," and, therefore, the averment that Plaintiff was an exemplary employee when terminated is denied.

14. After reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the phrase "cost-saving measures," and therefore, the averment contained in paragraph 14 is denied.

15. The averments contained in paragraph 15 of the Complaint are denied.

16. The averments contained in paragraph 16 of the Complaint are admitted.

17. The averments contained in paragraph 17 of the Complaint are denied.

18. The averments contained in paragraph 18 of the Complaint are denied.

19. The averment contained in paragraph 19 of the Complaint is denied. By way of further answer, after a reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the terms "older," and, therefore, the averment contained in paragraph 19 is denied.

20. The averment contained in paragraph 20 of the Complaint is admitted.

21. After a reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the terms "accumulated" and "substantial," and, therefore, the averment contained in paragraph 21 of the Complaint is denied.

22. The averment contained in paragraph 22 of the Complaint is denied.

23. After reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the terms "reasonable" and "fairly," and, therefore, the averments that Elk Regional did not provide Plaintiff with

"reasonable" notice or that it did not "fairly" evaluate her are denied. After a reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the term "cost-cutting," and, therefore, the averment that Plaintiff was terminated as part of a "cost-cutting" effort is denied. All remaining averments contained in paragraph 23 of the Complaint are denied.

Count 1
Age Discrimination

24. The averments contained in paragraph 24 of the Complaint require no response. Paragraphs 1 through 23 of this Answer are incorporated herein by reference.

25. The averments contained in paragraph 25 of the Complaint are admitted in part and denied in part. Elk Regional admits that Plaintiff was fifty (50) years of age when her employment was terminated. All other averments contained in paragraph 25 of the Complaint are denied.

26. The averment contained in paragraph 26 of the Complaint is denied.

27. The averments contained in paragraph 27 of the Complaint are denied.

28. The averments contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions which require no response. To the extent such allegations are deemed to be averments of fact, they are denied. Elk Regional expressly denies that it violated 29 U.S.C. §623(a)(1) and (2).

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions which require no response. To the extent such allegations are deemed to be averments of fact, they are denied. Elk Regional expressly denies that it took any actions that constitute illegal age discrimination.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions which require no response. To the extent that such allegations are deemed to be averments of fact, they are denied.

32. The allegations contained in paragraph 32 of the Complaint are legal conclusions which require no response. To the extent that such allegations are deemed to be averments of fact, they are denied.

33. The averments and allegations contained in paragraph 33 of the Complaint are denied.

WHEREFORE, Defendant, Elk Regional Health Center, respectfully requests that this Honorable Court grant judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and award it all costs of suit and reasonable attorneys' fees.

### Count II
### Gender Discrimination

34. The averments contained in paragraph 34 of the Complaint require no response. Paragraphs 1 through 33 of the Answer are incorporated herein by reference.

35. The averments contained in paragraph 35 of the Complaint are denied.

36. The allegations contained in paragraph 36 of the Complaint are legal conclusions which require no response. To the extent such allegations are deemed to be averments of fact, they are denied.

37. The averments contained in paragraph 37 of the Complaint are denied.

38. The averments contained in paragraph 38 of the Complaint are admitted in part and denied in part. Elk Regional admits that Plaintiff is female. Elk Regional also admits that

Plaintiff was discharged from her employment on August 19, 2003. All other averments contained in paragraph 38 of the Complaint are denied.

39. The averments contained in paragraph 39 of the complaint are denied.

40. The averments and allegations contained in paragraph 40 of the Complaint are legal conclusions which do not require a response. To the extent such allegations are deemed to be averments of fact, they are denied. Elk Regional expressly denies that it violated 42 U.S.C. §2000e-2(a)(1) and (2).

a. The averments and allegations contained in paragraph 40(a) of the Complaint are denied.

b. The averments and allegations contained in paragraph 40(b) of the Complaint are denied.

c. The averments and allegations contained in paragraph 40(c) of the Complaint are denied in part and denied as stated in part. By way of further answer, Plaintiff was employed by Elk Regional for twenty six (26) years. All other averments and allegations contained in paragraph 40(c) of the Complaint are denied.

d. The averments and allegations contained in paragraph 40(d) of the Complaint are denied.

41. After reasonable investigation, Elk Regional is without knowledge or information sufficient to form a belief as to the meaning Plaintiff attaches to the terms "sustain an undue hardship," and "fairly evaluating," and, therefore, the averments contained in paragraph 41 of the Complaint are denied.

42. The averments and allegations in paragraph 42 of the Complaint are denied.

WHEREFORE, Defendant, Elk Regional Health Center, respectfully requests that this Honorable Court grant judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and award it all costs of suit and reasonable attorneys' fees.

### Third Defense

Elk Regional's employment decisions, including but not limited to its decisions to discipline and/or discharge employees, are based on factors other than age and sex.

### Fourth Defense

Elk Regional's decision to terminate Plaintiff's employment was based upon legitimate non-discriminatory business reasons; such reasons cannot be shown to be pretextual.

### Fifth Defense

Elk Regional has not discriminated against Plaintiff in violation of Title VII and/or the Age Discrimination in Employment Act ("ADEA"), and Plaintiff is not entitled, as a matter of law or fact, to recover any damages from Elk Regional; to the contrary, Elk Regional acted in accordance with Title VII and ADEA at all times.

### Sixth Defense

Upon information and belief, Plaintiff's claims are barred because she has not fulfilled all necessary statutory and/or administrative conditions precedent before asserting such claims.

### Seventh Defense

Elk Regional acted in good faith and had reasonable grounds for believing that its conduct did not violate any law; in fact, Elk Regional's conduct did not violate Title VII, the ADEA, or any other law.

### Eighth Defense

Plaintiff's claims are barred by the doctrines of law and equity, including, but not limited to, waiver and estoppel.

### Ninth Defense

All or parts of Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

### Tenth Defense

Plaintiff fails to state a claim upon which backpay and other benefits; compensatory damages; injunctive relief; punitive damages; and/or attorney's fees, costs and interest can be awarded.

### Eleventh Defense

Plaintiff has failed to mitigate her alleged damages.

### Twelfth Defense

Any damages which the Plaintiff may have suffered, which Elk Regional continues to deny, were the direct and proximate result of the conduct of the Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### Reservation of Defenses

Elk Regional reserves the right to add additional defenses should they become known as a result of discovery.

WHEREFORE, Defendant, Elk Regional Health Center, having answered Plaintiff's Complaint, respectfully requests that the Complaint be dismissed with prejudice and that

judgment be entered in its favor to include all costs and attorney fees reasonably expended in defense of this action.

                           Respectfully submitted,

                           COHEN & GRIGSBY, P.C.

                    By: *Kimberly A Craver*
                         W. Scott Hardy, Esq.
                         Pa. ID No. 79225

                         Kimberly A. Craver, Esq.
                         Pa. ID No. 90017

                         Firm ID No. 621
                         11 Stanwix Street, 15th Floor
                         Pittsburgh, PA  15222
                         (412) 297-4900

                         Counsel for Defendant
                         Elk Regional Health Center

Dated:  July 6, 2005

982214_1.DOC Case 1:05-cv-00135-SJM   Document 4   Filed 07/06/2005   Page 11 of 12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing ANSWER AND DEFENSES was served via United States First-Class Mail, Postage Prepaid, this 6th day of July, 2005, upon the following:

Jerome J. Kaharkick, Esq.<br>
Jerome J. Kaharkick and Associates<br>
Wallace Building<br>
Suites 301 and 302<br>
406 Main Street<br>
Johnstown, Pennsylvania 15901<br>
(Counsel for Plaintiff Valerie Hanes )

_____
Kimberly A Craver