## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE HANES, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION   LAW<br>: NO. 05-135E |
| ELK REGIONAL MEDICAL CENTER, | : |
| Defendant. | : |

Type of Document:

JOINT FED.R.CIV.P. 26(f) REPORT OF THE PARTIES

Filed on behalf of:

PLAINTIFF AND DEFENDANT

Counsel of Record for Plaintiff:

Jerome J. Kaharick, Esquire
Pa. I.D. No. 61950

Michael J. Csonka, Esquire
Pa. I.D. No. 91232

JEROME J. KAHARICK and ASSOCIATES
Wallace Building, Suites 301-302
406 Main Street
Johnstown, Pennsylvania 15901
(814) 539-6789

Counsel of Record for Defendant:

W. Scott Hardy, Esquire
Pa. I.D. No. 79225

COHEN & GRIGSBY, P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, Pennsylvania 15222
(412)297-4652

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE HANES, | : |
| Plaintiff, | : CIVIL ACTON   LAW |
| | : NO.  05-135E |
| vs. | : |
| ELK REGIONAL MEDICAL CENTER, | : |
| Defendant. | : |

## JOINT FED.R.CIV.P. 26(f) REPORT OF THE PARTIES

1.  Identification of counsel and unrepresented parties.  Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

| | |
|---|---|
| Jerome Kaharick, Esquire<br>Pa I.D. No. 61950 | W. Scott Hardy, Esquire<br>Pa. I.D. No. 79225 |
| Michael Csonka, Esquire<br>Pa. I.D. No. 91232 | COHEN & GRIGSBY, P.C.<br>11 Stanwix Street, 15th Floor<br>Pittsburgh, PA 15222 |
| Jerome J. Kaharick and Associates<br>Wallace Building, Suites 301-302<br>406 Main Street<br>Johnstown, PA  15901 | (412) 297-4652<br>(412) 209-1982 *facsimile*<br><br>*Counsel for Defendant:*<br>*Elk Regional Heath Center* |
| (814) 539-6789<br>(814) 539-5934 *facsimile*<br><br>*Counsel for Plaintiff:*<br>*Valerie Hanes* | |

2. Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc.): **This is a civil rights case filed by Plaintiff under Title VII of the Civil Rights Act of 1964, 29 U.S.C.S. § 623 et seq., Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.S. § 629.**

3. Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference: **Counsel for the parties participated in a Rule 26(f) Conference on July 14, 2005. Plaintiff was represented by Michael Csonka, Esquire of Jerome J. Kaharick and Associates and Defendant was represented by W. Scott Hardy, Esquire of COHEN & GRIGSBY, P.C.**

4. Date of Rule 16 Initial Scheduling Conference as scheduled by the Court: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pretrial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served): **The Court has scheduled a Rule 16 Initial Scheduling Conference for August 19, 2005.**

5. Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed: **The parties do not anticipate filing any Rule 12 dispositive motions. However, Defendant anticipates filing a Rule 56 motion for summary judgment after the close of discovery if appropriate.**

6. Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation: **The parties jointly declined to discuss engaging in an Alternative Dispute Resolution process at this time. Both parties expressed a willingness to consider Alternative Dispute Resolution in the future if the situation warrants.**

7. Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court: **August 26, 2005.**

8. Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein): **Plaintiff anticipates the need to conduct discovery on employment documents, age discrimination and gender discrimination. Defendant will conduct discovery regarding liability and damages related to Plaintiff s age and gender discrimination claims.**

9. Set forth suggested dates for the following. (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9a through 9e below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are

anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party s proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.    Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made: **August 26, 2005**.

    b.    Date by which any additional parties shall be joined: **September 2, 2005.**

    c.    Date by which the pleadings shall be amended: **September 2, 2005.**

    d.    Date by which fact discovery should be completed: **December 26, 2005.**

    e.    If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed: **Not Applicable**

    f.    Date by which plaintiff s expert reports should be filed: **The parties did not discuss dates for Paragraphs 9(f) - 9(k), as the parties agreed to participate in a Post-Discovery Status Conference at the conclusion of Fact Discovery.**

    g.    Date by which depositions of plaintiff s expert(s) should be completed: **The parties did not discuss dates for Paragraphs 9(f) - 9(k), as the parties agreed to participate in a Post-Discovery Status Conference at the conclusion of Fact Discovery.**

    h.    Date by which defendant s expert reports should be filed: **The parties did not discuss dates for Paragraphs 9(f) - 9(k), as the parties agreed to participate in a Post-Discovery Status Conference at the conclusion of Fact Discovery.**

    i.    Date by which depositions of defendant s expert(s) should be completed: **The parties did not discuss dates for Paragraphs 9(f) - 9(k), as the parties agreed to participate in a Post-Discovery Status Conference at the conclusion of Fact Discovery.**

    j.    Date by which third party expert s reports should be filed: **The parties did not discuss dates for Paragraphs 9(f) - 9(k), as the parties agreed to participate in a Post-Discovery Status Conference at the conclusion of Fact Discovery.**

k.  Date by which depositions of third party s expert(s) should be completed: **The parties did not discuss dates for Paragraphs 9(f) - 9(k), as the parties agreed to participate in a Post-Discovery Status Conference at the conclusion of Fact Discovery.**

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations: **The parties do not anticipate the need for changes at this time, and will attempt to resolve any changes that may come up in the future without the need for court intervention.**

11. Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration: **Not Applicable**

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are <u>not</u> required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company

providing any coverage shall be available throughout the Conference by telephone): **The parties have agreed to participate in a Post-Discovery Status Conference following the completion of Fact Discovery, and, as a result, the following dates are left blank pursuant to the instruction above.**

    a.    Settlement and/or transfer to an ADR procedure;

    b.    Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9f through 9k above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference.

    c.    Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

    d.    Dates by which parties pretrial statements should be filed;

    e.    Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

    f.    Dates on which motions *in limine* and *Daubert* motions shall be heard;

    g.    Dates proposed for final pretrial conference;

    h.    Presumptive and final trial dates.

13.    Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c): **No other orders are anticipated at this time.**

14.    Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role: **The parties do not anticipate the need for a special master to be appointed.**

-8-

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9 above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:  **Not Applicable**

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:  **The parties have not discussed settlement at this time.  Plaintiff anticipates making a settlement demand in the future.**

        **JEROME J. KAHARICK**
           **and ASSOCIATES**


        /s/ Michael J. Csonka
Michael Csonka
Pa. I.D. No. 91232

Jerome Kaharick
Pa I.D. No. 61950
As per Plaintiff and Defendant

JEROME J. KAHARICK and ASSOCIATES
301 Wallace Building, Suites 301-302
406 Main Street
Johnstown, PA  15901
(814) 539-6789
(814) 539-5934 *facsimile*
michael_csonka@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE HANES, | : |
| Plaintiff, | : CIVIL ACTON   LAW |
| | : NO.  05-135e |
| vs. | : |
| ELK REGIONAL MEDICAL CENTER, | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this __17th__ day of __August__, 2005, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send notification of such filing to the following:

W. Scott Hardy, Esquire
COHEN & GRIGSBY P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222

JEROME J. KAHARICK and ASSOCIATES


BY: __/s/ Michael J. Csonka__
    Michael J. Csonka
    Counsel for Plaintiff