1046688_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VALERIE HANES,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No. 05-135E** |
| **vs.** | ) | |
| | ) | |
| **ELK REGIONAL MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant** | ) | |

## DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

Defendant, Elk Regional Health Center ("Elk Regional")[1], by its attorneys, Cohen &

Grigsby, P.C., and pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure and

Local Rules 33 and 37, hereby moves this court to compel Plaintiff to respond to Defendant's

First Set of Interrogatories and Requests for Production of Documents Directed to Plaintiff

(hereinafter collectively referred to as the "Discovery Requests") and to grant sanctions.  In

support of its motion, Elk Regional states as follows:

      1.     Elk Regional served Plaintiff with the Discovery Requests on November 11,

2005.  As part of the Discovery Requests, Elk Regional requested that the Plaintiff complete

authorizations to release employment and medical information.  The Discovery Requests were

transmitted via facsimile and Federal Express.  A true and correct copy of the Discovery

Requests, the cover-letter transmitted with the Discovery Requests, the receipt of shipment from

Federal Express, the Federal Express tracking sheet evidencing that the Discovery Requests were

---

[1]    Elk Regional is misidentified in the caption as "Elk Regional Medical Center."  There is no entity known as "Elk Regional Medical Center."  To the contrary, Plaintiff had been employed by Elk Regional Health Center.

1046688_1

delivered to and accepted by Plaintiff's counsel's office, and the facsimile confirmation document evidencing transmittal are attached hereto as Exhibits A, B, C, D, and E, respectively.

2.    Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Rule 33 provide that objections and responses to interrogatories and requests for production of documents shall be served thirty (30) days after service of the interrogatories and/or document requests. Accordingly, Plaintiff's responses to the Discovery Requests were due on December 12, 2005.

3.    By correspondence to Plaintiff's counsel dated Monday, January 30, 2005 (transmitted via facsimile and U.S. First-Class mail), Elk Regional's counsel requested that Plaintiff forward answers and responses to the Discovery Requests by Friday, February 3, 2006. A true and correct copy of this correspondence is attached hereto as Exhibit F.

4.    On January 31, 2006, Plaintiff's counsel sent correspondence to Elk Regional's counsel acknowledging receipt of the January 30, 2006 letter but denying prior receipt of the Discovery Requests. A true and correct copy of this correspondence is attached hereto as Exhibit G.

5.    On February 1, 2006, Elk Regional's counsel faxed correspondence to Plaintiff's counsel acknowledging the receipt of his January 31, 2006 letter. Elk Regional's counsel informed Plaintiff's counsel that the Discovery Requests had been served upon his office via facsimile and Federal Express on November 11, 2005. Elk Regional's counsel enclosed with the correspondence courtesy copies of the Discovery Requests along with a copy of the receipt of shipment document from Federal Express and the facsimile confirmation referenced above and attached hereto as Exhibits C and E. In the correspondence, Elk Regional's counsel again requested discovery responses by February 3, 2006. A true and correct copy of the letter is attached hereto as Exhibit H.

1046688_1

6.    Elk Regional did not receive responses to the Discovery Requests by February 3, 2006 as requested.

7.    On February 7, 2006, Elk Regional's counsel telephoned Plaintiff's counsel and inquired as to when Plaintiff's responses to the Discovery Requests would be provided. Plaintiff's counsel informed Elk Regional's counsel that it would be submitting the responses "soon". Elk Regional's counsel informed Plaintiff's counsel that it would file a motion to compel if responses were not received by February 8, 2006.

8.    As of the date of filing this motion, Elk Regional has not received responses to the Discovery Requests, nor has Plaintiff's counsel indicated that it plans to serve the responses on any particular date.

9.    Elk Regional has been prejudiced by the Plaintiff's failure to submit timely responses to the Discovery Requests because it has been unable to conduct meaningful discovery in the absence of Plaintiff's responses. Furthermore, on January 30, 2006, Elk Regional issued a Notice of Deposition Duces Tecum scheduling the Plaintiff's oral deposition on February 22, 2006. This deposition will be meaningless without timely and adequate responses to these Discovery Requests and will compel Elk Regional to reschedule the deposition. Moreover, Plaintiff's failure to provide timely responses also compels Elk Regional to file a Motion for Enlargement of Discovery Period because the period will expire on February 24, 2006. This Motion has been filed contemporaneously herewith.

10.    Elk Regional's counsel has made written and telephonic inquiries of Plaintiff's counsel concerning Plaintiff's failure to respond to the Discovery Requests, and otherwise has conferred with Plaintiff's counsel in an effort to secure the responses without court intervention. Pursuant to W.D. Pa. Local Rule 37.1, Elk Regional's counsel certifies and states that it has

1046688_1

made sincere, good faith efforts to resolve this dispute, as set forth herein, but has been unable to obtain the responses. A certificate of compliance with W.D. Pa. Local Rule 37.1 is attached hereto as Exhibit I.

11.    Pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure, Elk Regional requests that Plaintiff be ordered to pay Elk Regional its attorneys' fees and costs in filing these motions.

Wherefore, Defendant, Elk Regional Health Center, respectfully requests that this Honorable Court grant this motion to compel Plaintiff's response to Defendant's First Set of Interrogatories and Requests for Production of Documents Directed to Plaintiff and that sanctions be granted.

Respectfully submitted,

COHEN & GRIGSBY, P.C.

By _W. Scott Hardy_____

W. Scott Hardy, Esq.
PA I.D. #79225
Kimberly A. Craver, Esq.
PA I.D. #90017

11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222
Firm ID. #621
(412) 297-4900

Counsel for Elk Regional Health Center

Dated: February 10, 2006

1046688_1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANT'S MOTION TO COMPEL

AND FOR SANCTIONS was served on this 10th day of February, 2006 by U.S. first-class mail,

postage prepaid upon the following counsel of record for Plaintiff:

Jerome J. Kararick, Esq.
Michael Csonka, Esq.
Wallace Building
Suites 301-302
406 Main Street
Johnstown, PA 15901
Counsel for Plaintiff

W. Scott Hardy