## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALERIE HANES,            )
                           )
                Plaintiff    )
                           )     **Civil Action No. 05- 135E**
    vs.                    )
                           )
ELK REGIONAL MEDICAL CENTER,  )
                           )
               Defendant   )

## DEFENDANT'S FIRST
## SET OF INTERROGATORIES AND REQUESTS
## FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Defendant, ELK REGIONAL HEALTH CENTER, by its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, submits to the Plaintiff, VALERIE HANES, the following Interrogatories and Requests for Production of Documents to be answered fully and under oath, within a time not to exceed thirty (30) days from the date of service hereof.

## GENERAL INSTRUCTIONS

A.     In answering these Interrogatories and Requests for Production of Documents, furnish all information which is available to you, including information in the possession of your attorney or investigator for your attorney and not merely such information known of your personal knowledge.

B.     If you cannot answer an Interrogatory or Request for Production of Documents in full after exercising due diligence to secure such information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions thereof.

C.     Each of these Interrogatories and Requests for Production of Documents are to be regarded as continuing. If, subsequent to serving an answer to any Interrogatory or Request for

Production of Documents or any part thereof on Defendant, you obtain or become aware of any additional information pertaining to any Interrogatory or Request for Production of Documents or part thereof, you are requested to provide, by way of supplemental answers thereto, any such information which will augment or otherwise modify your answer as given.

D.    If any answer is withheld on the basis of any claim of privilege, whether based on statute or otherwise, state in writing with respect to each such answer withheld, the grounds for the claim of privilege.

E.    If any document is withheld on the basis of any claim of privilege, provide a privilege log describing each document withheld and explaining the basis of the privilege claim.

F.    When in these Interrogatories and Requests for Production of Documents you are asked to state a date or time, provide the time of day, if known; the day, month and year, if known; if unknown, provide the month or season along with the year; if month and/or year is not known, "identify" the date by relating it to some established time (*e.g.*, "six months after Plaintiff was hired by Defendant").

G.    In the case that any document which was, but no longer is, in your possession, custody or control, state the disposition that was made of it, the reason for such disposition and the date thereof, and the identity of the person or entity who has possession of the document.

## DEFINITIONS

As used herein:

1.    The term "Plaintiff" shall refer to Valerie Hanes.

2.    The term "Defendant" shall refer to Elk Regional Health Center.

3.    The terms "you" and "your" shall refer to Plaintiff, Valerie Hanes.

4.    The term "Complaint" shall refer to the Complaint filed by Plaintiff on May 6, 2005 in the United State District Court for the Western District of Pennsylvania, C.A. No. 05-135E - Erie.

5.    The terms "document" or "documents" are all inclusive terms and shall mean the original, or any draft, copy, or reproduction which differs in any respect from the original, of a writing or other form of a record preserving information, whether or not in your possession, custody, or control and whether or not claimed to be privileged from discovery, including, but not limited to, reports, records, lists, memoranda, minutes, diaries, vouchers, correspondence, accounts, diagrams, communications, schedules, photographs, drawings, plans, blue prints, electronic data, computer discs, computer files, e-mails, tape recordings, charges, ledgers, computer printouts, invoices, purchase orders, checks, recordings, films or any other form of preserved information.

6.    "Describe in detail" and "set forth the factual basis" means to: (a) describe fully by reference to all underlying facts rather than by ultimate facts or conclusions of facts or law; and (b) particularize as to: 1) dates, 2) times, 3) places, 4) persons and 5) manner.

7.    The term "identify" when used in relation to a person shall mean to provide the person's name, title or position, last known business and residence addresses, last known residence and business telephone numbers and to state the person's relationship, if any, to you and your representatives.

8.    The term "identify" when used in relation to a document or other tangible items shall mean to describe the items by date, subject matter, nature, and type, to identify each person who wrote, signed, or otherwise prepared or participated in the preparation of the document, to identify the person to whom the document was directed, and to identify each person who has possession, custody or control of the items.

9.    "Identify" when used with reference to an oral statement, conversation, meeting, interview or conference, means to: (a) "identify" the person(s) making each oral statement,

identify the person(s) to whom the oral statement was made, identify all persons present at the time of each identified oral statement, and identify all persons who were aware of the oral statement, either before or subsequent to the making of each oral statement; (b) state the date of such oral statement, conversation, meeting or conference; (c) state the place where such oral statement, conversation, meeting or conference was held; or (d) if by telephone, identify the person(s) participating in the telephone call, the person(s) initiating the call and state the places where the person(s) participating in the call were located, and the dates and times thereof; and (e) describe in detail the substance of each oral statement, conversation, meeting or conference.

10.    The term "representative" shall be construed literally as including, but not being limited to, all your agents, employees, officials, officers, executives, directors, attorneys, consultants, investigators, and other individuals or entities who directly or indirectly represent or represented you in any matter.

11.    An interrogatory and/or document request calling for the "basis" of any statement, allegation, contention, belief, knowledge or answer is a request to:

      (a)    state and identify completely all sources upon which such statement, allegation, belief, knowledge or answer is predicated; and

      (b)    state and identify completely every act, omission, conduct, event, transaction, document, meeting or occasion about which you have knowledge or information which forms the predicate for any such statement, allegation, belief, knowledge or answer.

12.    If the "basis" (as defined above) in answering any interrogatory or document request:

      (a)    consists in whole or in part of any document, identify such document;

      (b)    consists in whole or in part of any oral communication, identify such oral communication;

(c)  makes reference to any person, identify such person; or

(d)  consists in whole or in part of any inferences or chain of reasoning, set forth inferences or reasoning.

13.  The term "impairment" shall be defined herein as set forth at 29 CFR §1630.2(h).

## INTERROGATORIES

1.  Identify and describe in detail all employment positions for which you have applied, i.e. your "employment search," from August, 2003 to the present; identify those persons you contacted or to whom you sent letters/resumes and the dates on which all contacts concerning possible employment were made; and identify and describe in detail any and all jobs you have held from August, 2003 to present, including the nature and amount of compensation and fringe benefits earned, if any.  Attach copies of your resume, correspondence, and all documents sent or received in connection with your employment search and for each employer or potential employer so identified.  Please complete and execute an authorization for release of employment records which is enclosed herewith (make additional copies if necessary).

**ANSWER:**

2.    Identify the employee(s) and/or agent(s) of Defendant who you believe was/were responsible for terminating your employment with the Defendant.  Identify the gender of all those individuals identified.

**ANSWER:**

3.    Identify and describe in detail each and every factual basis supporting your contention that Defendant discriminated against you on the basis of your age.

**ANSWER:**

4.    Did the Defendant inform you that your age and/or gender was the basis for the decision to terminate your employment?  If so, identify and describe in detail each and every statement, comment and/or rumor said to you and the person(s) who made such statements, comments and/or rumors, providing the dates, times and locations where any such statements, comments and/or rumors were made, along with the identity of any witness(es) who may have heard any such statements, comments and/or rumors.

**ANSWER:**

5.    Identify each employee or agent of the Defendant whom you contend discriminated against you on the basis of your age and/or gender and describe in detail how each identified person discriminated against you. Attach a copy of any and all documents you have in your possession relating to your answer to this Interrogatory.

**ANSWER:**

6.    Identify and describe in detail the "cost-saving measures" the Defendant allegedly began "reviewing" in 2003 as referred to in Paragraph 14 of your Complaint.

**ANSWER:**

7.    Describe in detail each and every factual basis supporting your contention that Defendant terminated your employment because you "no longer fit the profile for radiology" as referred to in Paragraph 17 of the Defendant; also, describe in detail your understanding of the phrase "profile for radiology" as used in paragraph 17 of your Complaint.

**ANSWER:**

8.    Identify the "twenty-five (25) year old male" referred to in Paragraph 18 of your Complaint; also, identify and describe in detail the factual basis for your contention that the individual identified had "fewer qualifications, less experience, and no training" as referred to in Paragraph 18 of your Complaint.

**ANSWER:**

9.    Identify the "one (1) other older female employee who worked in the Radiology Department" who lost her job within a few months of your termination as referred to in Paragraph 19 of your Complaint.

**ANSWER:**

10.    Was your performance ever discussed while you were employed by the Defendant? If so, please identify and describe in detail each such discussion; identify the individuals with whom you had each of these discussions; provide the dates, times and locations of where each of these discussions were held; and identify each and every witness to these discussions, providing the names, addresses, job titles and telephone numbers of each person(s) identified. Attach a copy of any and all documents you have in your possession relating to this Interrogatory, including, but not limited to, copies of e-mails, correspondence, memorandums, and/or notes you may have received and/or drafted.

**ANSWER:**

11.    Was any disciplinary action ever taken against you while you were employed by the Defendant? If so, please identify and describe in detail: the date(s) of each occurrence which gave rise to each disciplinary action; the events which gave rise to the disciplinary action; the disciplinary action taken against you; the date of the disciplinary action; and the names, addresses, job titles and telephone numbers of each person involved in the occurrence which gave rise to the disciplinary action.    Attach a copy of every document you have in your possession relating to this Interrogatory, including, but not limited to, copies of any disciplinary notices you may have received from Defendant.

**ANSWER:**

12.    Identify and describe in detail the amount of "paid time off" you believe you had accumulated at the time your employment was terminated as referred to in Paragraph 21 of your Complaint.

**ANSWER:**

13. Identify each of the "several older employees" and describe in detail the "vague and questionable reasons" you believe were the basis for your and their termination from employment with Defendant as referred to in Paragraph 22 of your Complaint.

**ANSWER:**

14. Identify and describe in detail every factual basis supporting your contention that you were not "provided reasonable notice, not fairly evaluated, and not given an opportunity to correct any problem" as referred to in Paragraph 23 of your Complaint.

**ANSWER:**

15. Identify separately and describe in detail every factual basis for your contention that your termination of employment by the Defendant was a "pretext" for age and also for sex discrimination as referred to in Paragraphs 25 and 39 of your Complaint.

**ANSWER:**

16.    Identify the "younger and less qualified" individuals referred to in Paragraph 25 of your Complaint and describe in detail each and every factual basis that supports your contention that you have more "experience, training, and education" than those individuals identified.

**ANSWER:**

17.    Identify every factual instance in which you were "treated unfairly on several occasions," identify the "similarly situated employees" who have "not been treated in a negative manner," and identify and describe in detail every fact supporting these contentions as referred to in Paragraph 28 of your Complaint.

**ANSWER:**

18.     Identify and describe in detail the "irreparable harm" you have allegedly suffered as referred to in Paragraph 31 of your Complaint and identify and describe in detail the "stigma" that you allegedly continue to suffer from as the result of Defendant's actions as referred to in Paragraph 31 of your Complaint.

**ANSWER:**

19     Identify and describe in detail each and every factual basis supporting your contention that Defendant discriminated against you on the basis of your gender.

**ANSWER:**

20.     Identify each and every other employee then employed by Defendant in its Radiology Department, and identify separately the other "females in the Radiology Department" who "lost their positions" during the later half as 2003 as referred to in Paragraph 36 of your Complaint.

1017483

**ANSWER:**

21.    Identify and describe in detail the "disparate manner" in which you allegedly were treated; and identify and describe in detail the "unfair policies and practices" and "unequal treatment" you allegedly were subjected as referred to in Paragraph 38 of your Complaint.

**ANSWER:**

22.    Identify, describe in detail, and itemize all compensation, benefits, and perquisites of your employment with the Defendant, the loss of which you are claiming as damages in this action, along with the basis for and calculation of such damages, including the cost of replacement or valuation and the time frame over which you are claiming the loss, and attach all invoices, bills, receipts, cancelled checks, etc, relating to your claim for damages.

**ANSWER:**

23.    Identify and describe in detail your allegation that "male employees were not required to meet the profile of a radiology department employee" as referred to in Paragraph 40(a) of your Complaint.

**ANSWER:**

24.    Identify and describe in detail anything and everything that any person told, reported or related to you, your attorney or other representative(s) about the alleged sex and/or age discrimination averred in your Complaint.

**ANSWER:**

25.     Identify and describe in detail the injuries you have suffered from the alleged "embarrassment, humiliation, and anxiety" you were subjected to as referred to in Paragraph 42 of your Complaint. Provide the names and addresses of all doctors or specialists (including but not limited to, doctors of medicine and osteopathy, psychiatrists, psychologists or other mental health professionals) who have treated you, or were consulted by you for any physical, mental or emotional condition, injury or ailments that you have had from 1993 to the present, and for each such person that you have identified, provide the date(s) of each treatment or consultation, and for each such person please complete and execute a copy of the enclosed authorization for release of medical records (make additional copies if necessary).

**ANSWER:**

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     Identify separately and produce your federal, state and local tax returns for the years 2002 to the present.

**RESPONSE:**

2.     Identify separately and produce all documents which relate to any and all efforts taken by you to obtain employment from August, 2003, to the present.  Include in your response copies of your resume and cover letters sent, copies of any newspaper ads responded to, copies of any job applications submitted during this time frame, and/or copies of all correspondence received from prospective employers or employment agencies in response to your job search efforts taken, if any.

**RESPONSE:**

3.     Identify separately and produce all documents that reflect wages and fringe benefits earned since August, 2003, and any other documents which you contend supports your claim for lost income and/or fringe benefits.

**RESPONSE:**

1017483

4.    Identify separately and produce all documents that relate to each of the allegations contained in your Complaint.

**RESPONSE:**

5.    Identify separately and produce all correspondence and other documents you believe supports your claim of age discrimination.

**RESPONSE:**

6.    Identify separately and produce all correspondence and other documents referring or relating to any communication between you and the Defendant, and/or its employees or agents, regarding its alleged act(s) of age discrimination.

**RESPONSE:**

7.    Identify separately and produce all handbooks, manuals, leaflets, procedures, guidelines, memos, bulletins, directives and other documents on which you directly or indirectly rely to support your claim(s).

**RESPONSE:**

8.    Identify separately and produce all job descriptions and/or any other documents which identify the job duties you were required to perform while employed by the Defendant.

**RESPONSE:**

9.    Identify separately and produce copies of all documents that you removed from the Defendant's premises in August 2003.

**RESPONSE:**

10.    Identify separately and produce all calendars, journals, diaries, and notes relating to your employment with Defendant and/or your contention that the Defendant committed age and/or gender discrimination against you.

**RESPONSE:**

11.    Identify separately and produce any all correspondence and other documents, including but not limited to, e-mails, memorandums, and notes, referring to or relating to any communication between you and the Defendant and/or its employees or agents while employed by the Defendant

**RESPONSE:**

12.    Identify separately and produce any and all documents which the Defendants requested in Defendants' First Set of Interrogatories Directed to Plaintiff or which otherwise relate to your answers thereto.

**RESPONSE:**

13.    Identify separately and produce all documents which you submitted, or anyone submitted on your behalf, to the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission and/or the Pennsylvania Unemployment Compensation authorities.

**RESPONSE:**

14.    Identify separately and produce all correspondence and other documents you believe supports your claim of gender discrimination.

**RESPONSE:**

15.    Identify separately and produce all correspondence and other documents referring or relating to any communication between you and the Defendant, and/or its employees or agents, regarding its alleged act(s) of gender discrimination.

**RESPONSE:**

16.    Identify separately and produce all documents that relate to your allegations of age and/or gender discrimination which may exculpate Defendant from any or all liability for such claims.

**RESPONSE:**

17.    Identify separately and produce all documents which support the amount attorney's fees and costs you have incurred thus far in pursuing this action which you are claiming as damages; provide a copy of your fee arrangement with your attorney and copies of any and all invoices, bills, receipts, cancelled checks, etc., that evidence fees and/or costs incurred and/or paid.

**RESPONSE:**

Respectfully submitted,

COHEN & GRIGSBY, P.C.

By:_____
        W. Scott Hardy, Esq.
        Pa. ID No. 79225

        Firm ID No. 621
        11 Stanwix Street, 15th Floor
        Pittsburgh, PA  15222
        (412) 297-4900

        Counsel for Defendants
        Elk Regional Health Center

Dated:  November 11, 2005

-23-

1018856

## AUTHORIZATION FOR EMPLOYMENT RECORDS

TO:

      I, Valerie Hanes, hereby authorize you to furnish Cohen & Grigsby, P.C., 11 Stanwix Street, 15th Floor, Pittsburgh, Pennsylvania 15222, or its representative or designee, copies of any and all information, documents, photographs, records, and/or reports pertaining to the employment of myself, my Social Security No. is 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, including but not limited to my job application, job description information, any medical or psychological records or physical examination reports, any claims for Worker's Compensation, attendance records, salary information, reasons given for absences or sick leaves, job termination reasons, job evaluations, or any other information incidental to the employment of myself.

      A photostatic copy of this Authorization shall be as effective as the original.

Dated: _____    _____

1018856

## AUTHORIZATION FOR EMPLOYMENT RECORDS

TO:

I, Valerie Hanes, hereby authorize you to furnish Cohen & Grigsby, P.C., 11 Stanwix Street, 15th Floor, Pittsburgh, Pennsylvania 15222, or its representative or designee, copies of any and all information, documents, photographs, records, and/or reports pertaining to the employment of myself, my Social Security No. is 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, including but not limited to my job application, job description information, any medical or psychological records or physical examination reports, any claims for Worker's Compensation, attendance records, salary information, reasons given for absences or sick leaves, job termination reasons, job evaluations, or any other information incidental to the employment of myself.

A photostatic copy of this Authorization shall be as effective as the original.

Dated: _____    _____

1018856

## AUTHORIZATION FOR EMPLOYMENT RECORDS

TO:


I, Valerie Hanes, hereby authorize you to furnish Cohen & Grigsby, P.C., 11 Stanwix Street, 15th Floor, Pittsburgh, Pennsylvania 15222, or its representative or designee, copies of any and all information, documents, photographs, records, and/or reports pertaining to the employment of myself, my Social Security No. is 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, including but not limited to my job application, job description information, any medical or psychological records or physical examination reports, any claims for Worker's Compensation, attendance records, salary information, reasons given for absences or sick leaves, job termination reasons, job evaluations, or any other information incidental to the employment of myself.

A photostatic copy of this Authorization shall be as effective as the original.


Dated: _____        _____

1018856

## INFORMED CONSENT AND AUTHORIZATION FOR USE AND DISCLOSURE OF HEALTH INFORMATION

I, Valerie Hanes, authorize _____ to disclose the following information from the my records as described below to <u>Cohen & Grigsby, P.C.</u> at <u>11 Stanwix Street, 15th Floor, Pittsburgh, PA</u>  Phone: <u>412-297-4900.</u>  My Social Security No. is <u>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</u>.  This protected health information is being disclosed for the following purposes: <u>Litigation</u>

**INFORMATION TO BE DISCLOSED:**

☒ INPATIENT RECORDS                          ☒ EMERGENCY ROOM RECORDS
☒ OUTPATIENT RECORDS
☒ PHYSICIAN OFFICE/CLINIC                     ☒ MEDICAL HISTORY AND PHYSICAL
                                             EXAM
☒ PROGRESS NOTES
☒ DISCHARGE SUMMARY/INSTRUCTIONS             ☒ LABORATORY REPORTS/TEST
☒ PATHOLOGY                                  ☒ RADIOLOGY FILMS
☒ CONSULTS                                   ☒ RADIOLOGY REPORTS
☒ PHYSICIANS ORDERS                          ☒ EEG REPORTS
☒ MEDICATION RECORDS
☒ PSYCHIATRIC/PSYCHOLOGICAL EVALUATIONS
                                             ☒ OTHER CHEST X-RAYS
☒ NURSES NOTES                               ☒ OTHER MRI/CT FILMS
☒OPERATIVE REPORT                            ☒OTHER MRI/CT REPORTS
☒ MEDICAL BILLS/INVOICES

HIV, Behavioral Health and Drug and Alcohol information contained in the parts of the records indicated above will be released through this authorization unless otherwise indicated.

**DO NOT RELEASE:** ☐ HIV          ☐ Behavioral Health          ☐ Drug & Alcohol

A PHOTOCOPY OF THIS AUTHORIZATION SHALL BE CONSIDERED AS VALID AND EFFECTIVE AS THE ORIGINAL.

I understand this consent is voluntary and that I may revoke this authorization at any time (except to the extent that action on this consent has already been taken) by written, dated, and signed communication to the medical provider.

I understand I may refuse to sign this authorization.  If I refuse, the identified records will not be disclosed.  Whether I sign or refuse to sign, my treatment will not be affected.

I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer will be protected by federal privacy regulations.

_____                    _____
Signature of Participant or Personal Representative                    Date

Spouse_____
Description of Personal Representative's Authority

**THIS AUTHORIZATION EXPIRES: February, 2006**

1018856

## INFORMED CONSENT AND AUTHORIZATION FOR USE AND DISCLOSURE OF HEALTH INFORMATION

I, Valerie Hanes, authorize _____ to disclose the following information from the my records as described below to Cohen & Grigsby, P.C. at 11 Stanwix Street, 15th Floor, Pittsburgh, PA  Phone: 412-297-4900.  My Social Security No. is 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.  This protected health information is being disclosed for the following purposes: Litigation

### INFORMATION TO BE DISCLOSED:

☒ INPATIENT RECORDS        ☒ EMERGENCY ROOM RECORDS
☒ OUTPATIENT RECORDS
☒ PHYSICIAN OFFICE/CLINIC       ☒ MEDICAL HISTORY AND PHYSICAL
                                                    EXAM

☒ PROGRESS NOTES
☒ DISCHARGE SUMMARY/INSTRUCTIONS    ☒ LABORATORY REPORTS/TEST
☒ PATHOLOGY                        ☒ RADIOLOGY FILMS
☒ CONSULTS                          ☒ RADIOLOGY REPORTS
☒ PHYSICIANS ORDERS           ☒ EEG REPORTS
☒ MEDICATION RECORDS
☒ PSYCHIATRIC/PSYCHOLOGICAL EVALUATIONS
                                                ☒ OTHER CHEST X-RAYS
☒ NURSES NOTES                     ☒ OTHER MRI/CT FILMS
☒ OPERATIVE REPORT            ☒ OTHER MRI/CT REPORTS
☒ MEDICAL BILLS/INVOICES

HIV, Behavioral Health and Drug and Alcohol information contained in the parts of the records indicated above will be released through this authorization unless otherwise indicated.

**DO NOT RELEASE:** ☐ HIV      ☐ Behavioral Health      ☐ Drug & Alcohol

A PHOTOCOPY OF THIS AUTHORIZATION SHALL BE CONSIDERED AS VALID AND EFFECTIVE AS THE ORIGINAL.

I understand this consent is voluntary and that I may revoke this authorization at any time (except to the extent that action on this consent has already been taken) by written, dated, and signed communication to the medical provider.

I understand I may refuse to sign this authorization.  If I refuse, the identified records will not be disclosed. Whether I sign or refuse to sign, my treatment will not be affected.

I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer will be protected by federal privacy regulations.

_____      _____
Signature of Participant or Personal Representative            Date

Spouse_____
Description of Personal Representative's Authority

**THIS AUTHORIZATION EXPIRES: February, 2006**

1018856

## <u>INFORMED CONSENT AND AUTHORIZATION FOR USE AND DISCLOSURE OF HEALTH INFORMATION</u>

I, Valerie Hanes, authorize _____ to disclose the following information from the my records as described below to <u>Cohen & Grigsby, P.C.</u> at <u>11 Stanwix Street, 15th Floor, Pittsburgh, PA</u>  Phone: <u>412-297-4900.</u>  My Social Security No. is <u>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</u>.  This protected health information is being disclosed for the following purposes: <u>Litigation</u>

**INFORMATION TO BE DISCLOSED:**

☒ INPATIENT RECORDS
☒ OUTPATIENT RECORDS
☒ PHYSICIAN OFFICE/CLINIC

☒ EMERGENCY ROOM RECORDS

☒ MEDICAL HISTORY AND PHYSICAL EXAM

☒ PROGRESS NOTES
☒ DISCHARGE SUMMARY/INSTRUCTIONS
☒ PATHOLOGY
☒ CONSULTS
☒ PHYSICIANS ORDERS
☒ MEDICATION RECORDS
☒ PSYCHIATRIC/PSYCHOLOGICAL EVALUATIONS

☒ LABORATORY REPORTS/TEST
☒ RADIOLOGY FILMS
☒ RADIOLOGY REPORTS
☒ EEG REPORTS

☒ NURSES NOTES
☒ OPERATIVE REPORT
☒ MEDICAL BILLS/INVOICES

☒ OTHER <u>CHEST X-RAYS</u>
☒ OTHER <u>MRI/CT FILMS</u>
☒ OTHER <u>MRI/CT REPORTS</u>

HIV, Behavioral Health and Drug and Alcohol information contained in the parts of the records indicated above will be released through this authorization unless otherwise indicated.

**DO NOT RELEASE:** ☐ HIV         ☐ Behavioral Health         ☐ Drug & Alcohol

A PHOTOCOPY OF THIS AUTHORIZATION SHALL BE CONSIDERED AS VALID AND EFFECTIVE AS THE ORIGINAL.

I understand this consent is voluntary and that I may revoke this authorization at any time (except to the extent that action on this consent has already been taken) by written, dated, and signed communication to the medical provider.

I understand I may refuse to sign this authorization.  If I refuse, the identified records will not be disclosed.  Whether I sign or refuse to sign, my treatment will not be affected.

I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer will be protected by federal privacy regulations.

_____          _____
Signature of Participant or Personal Representative                    Date

Spouse_____
Description of Personal Representative's Authority

**THIS AUTHORIZATION EXPIRES: February, 2006**

1017483

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's First Set of Interrogatories and Requests for Production of Documents was served via Federal Express and Facsimile this 11th day of November 2005, upon the following:

Jerome J. Kaharkick, Esq.
Michael Csonka, Esq.
Jerome J. Kaharkick and Associates
Wallace Building
Suites 301 and 302
406 Main Street
Johnstown, Pennsylvania 15901

(Counsel for Plaintiff Valerie A. Freeburg)

_____
W. Scott Hardy